UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HENRY MARTINEZ, | No. 2:23-cv-1323 KJN P |
| Petitioner, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY SHERIFF, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is petitioner's motion to stay this action while he returns to state court to exhaust his state court remedies. As discussed below, petitioner is granted leave to file an amended motion for stay.

Background

Petitioner was convicted on December 21, 2018. (ECF No. 1 at 43.)

On January 15, 2020, the Third District Court of Appeal received petitioner's appeal. The People v. Martinez, Case No. C091266.[1] On May 17, 2022, the criminal judgment was affirmed.

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California

1

On January 29, 2021, an amended judgment of conviction was entered. (ECF No. 1 at 43-45.)

On August 4, 2022, a petition for review was filed in the California Supreme Court, No. S274974. On August 17, 2022, the California Supreme Court denied the petition for review without comment. (Id.)

On June 20, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Martinez (Alfonso Henry) on Habeas Corpus, No. S280609 (Cal.). The petition was pending as of August 18, 2023.

The instant petition was filed on July 6, 2023. Petitioner raises 22 claims.

Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

---

state courts is www.courts.ca.gov.

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

Petitioner's Motion for Stay

Petitioner seeks stay and abeyance. (ECF No. 4.) Petitioner argues that he has good cause for his failure to exhaust state court remedies because he was informed that his retained counsel would handle all the proceedings through the post-conviction process, but petitioner was shocked when counsel informed petitioner that counsel would need an additional $30,000 to $40,000 to handle the habeas corpus proceedings. Petitioner and his family were still paying the initial $100,000 retainer. In addition, petitioner did not have his file and discovery. While his direct appeal was pending, petitioner was unexpectedly transferred back to the San Joaquin County Jail for a "Franklin" (youth offender) hearing, where he is currently housed. Petitioner contends that the unexhausted claims are not plainly meritless, and he has not engaged in abusive litigation tactics or intentional delay.

Discussion

Petitioner seeks stay and abeyance, but fails to identify the nature of the stay he seeks. In addition, it is unclear whether all of petitioner's claims are unexhausted, or whether some of his claims were raised in the petition for review filed in the California Supreme Court. Because of petitioner's failure to identify the unexhausted claims, the court is unable to determine whether the instant petition is a mixed petition or a wholly unexhausted petition, and also unable to determine whether the unexhausted claims are potentially meritorious.

Therefore, petitioner is granted leave to file an amended motion for stay in which he identifies the type of stay requested, identifies the claims that are unexhausted, and addresses the elements required, as set forth below.

Rhines Stay

Petitioner may file an amended request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, a district court may stay, in limited circumstances, a mixed petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., 544 U.S. at 278. Each of

these three conditions must be satisfied. With regard to the second element, petitioner must identify the unexhausted claims and explain why he believes such claims are potentially meritorious. Rhines v. Weber, 544 U.S. at 278. "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277). In recognition of the comity and federalism problems that are created by assessing the merits of unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court. Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

### Kelly Stay

Petitioner may file an amended petition which includes only petitioner's fully exhausted federal claims, along with his amended motion that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003). Under the Kelly stay procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009). But petitioner is allowed to amend newly-exhausted claims back into his federal petition only if the statute of limitations has not yet expired, or the claims "relate back" to the timely exhausted claims in the federal petition. King, 564 F.3d at 1140-41 (emphasizing that "[d]emonstrating timeliness will often be problematic under the now-applicable legal principles."). This court makes no finding at this time whether such motion to amend would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005). If petitioner chooses to request a stay under Kelly, he should provide an amended petition along with his amended motion for stay.

Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims, if any, he risks forfeiting consideration of the unexhausted claims in this or any

other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.[3]

Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order to file an amended motion for stay to address the above-identified deficiencies.  Petitioner is cautioned that if he fails to file an amended motion for stay, the undersigned will recommend that the motion for stay be denied.

Dated:  August 21, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mart1323.sty.fb

---

[3] In addition, petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).  Although § 2244(d)(2) provides for such statutory tolling, "[u]nder Duncan v. Walker, 533 U.S. 167 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations.  King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).